IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ANTHONY SHORE**, | § § § | |
| Petitioner, | § § § | |
| -VS- | § § § | No.  4:13-mc-00546 |
| | § § | **DEATH PENALTY CASE** |
| **RICK THALER**, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**MOTION FOR APPOINTMENT OF COUNSEL**

Anthony Shore seeks to vacate or set aside a death sentence in a post-conviction proceeding under 28 U.S.C. § 2254 and is financially unable to obtain adequate representation. *See* App. 1 (TDCJ statement of trust account). He accordingly requests that the Court appoint one or more qualified attorneys to represent him to investigate, prepare, and file a habeas corpus petition and throughout all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and in such competency proceedings and proceedings for executive or other clemency as may be available to him. *See* 18 U.S.C. § 3599(a)(2) & (e); *Harbison v. Bell*, 556 U.S. 180 (2009), *McFarland v. Scott*, 512 US 849, 854-57 (1994).

Anthony Shore was sentenced to death by judgment of the 339th Judicial District Court of Harris County, Texas. *See* App. 2 (Judgment). The Texas Court of Criminal Appeals (TCCA) affirmed the judgment on December 12, 2007. *Shore v. State*, No. AP-75,049 (Tex. Crim. App. 2007) (unpublished). Application for post-conviction relief in the state court was denied January 16, 2003. *Ex parte Shore*, No. WR-78,133-01 (Tex. Crim. App. 2013) (unpublished). Federal habeas corpus proceedings are accordingly ripe.

Undersigned counsel cannot accept appointment in the instant case. Counsel is part of the Texas Habeas Assistance and Training Project, a project funded by the Defender Services Committee of the Judicial Conference of the United States in which experienced capital habeas attorneys consult with and assist lawyers appointed by federal courts to represent capitally sentenced Texas prisoners in federal habeas corpus proceedings. The undersigned began monitoring Mr. Shore's case when the TCCA disposed of his state habeas corpus application. Upon learning that Mr. Shore's state habeas counsel, Mr. Jules Laird, had not filed a motion for appointment of counsel in federal court on Mr. Shore's behalf as required by state law,[1] counsel unsuccessfully attempted to contact Mr. Laird.

After Mr. Laird failed to return the undersigned's phone call, the undersigned visited Mr. Shore on March 21, 2013 to determine whether Mr. Shore desired appointment of counsel to represent him in federal habeas corpus proceedings. Mr. Shore conveyed to the undersigned that he had not had any contact with Mr. Laird

---

[1] *See* Tex. Code Crim. Proc. art. 11.071 § 2(e).

in years; he had not learned that his state habeas application had been denied; and he did desire appointment of counsel to represent him in federal habeas corpus proceedings. Mr. Shore agreed to allow the undersigned to prepare and file the instant motion.

## CONCLUSION

For the foregoing reasons, the court should appoint one or more qualified attorneys to represent Anthony Shore throughout all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and in such competency proceedings and proceedings for executive or other clemency as may be available to him.

Respectfully submitted,

s/ Jared Tyler
_____
Jared Tyler
Texas Bar No. 24042073
TYLER LAW FIRM, PLLC
P.O. Box 764
Houston, Texas 77001
TEL: (713) 861-4004
FAX: (208) 545-9938
jptyler@tylerlawfirm.org