**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANTHONY SHORE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | No. 4:13-cv-01898 |
| | § | |
| WILLIAM STEPHENS, Director, | § | **DEATH PENALTY CASE** |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**PETITIONER ANTHONY SHORE'S MOTION**
**FOR LEAVE TO FILE *EX PARTE* APPLICATION FOR**
**REASONABLY NECESSARY SERVICES OF MITIGATION SPECIALIST**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE NANCY F. ATLAS:

Petitioner, Anthony Shore, respectfully requests leave to file under seal an *ex parte* request for reasonably necessary investigative services[1] pursuant to 18 U.S.C. § 3599(f). *See Robertson v. Stephens*, No. 3:13-CV-0728-G, 2013 WL 2658441 (N.D. Tex. June 13, 2013); *Shields v. Johnson*, 48 F. Supp. 2d 719 (S.D. Tex. May 7, 1999); *Patrick v. Johnson*, 37 F. Supp. 2d 815 (N.D. Tex. Mar. 8, 1999); *Dowthitt v. Johnson*, No. H-98-3282, 1998 WL 1986954 (S.D. Tex. Dec. 3, 1998). A petitioner demonstrates the need for confidentiality in making his requests for reasonably necessary services by specifying the services needed and the broad issue or topic for which the services are required. *See Dowthitt*, 1998 WL 1986954, at *2 ("The statement of need for confidentiality merely must identify generically the type of services needed and the broad issue or topic (*e.g.*, innocence) for which the services are necessary."). The *Robertson v.*

---

[1] Petitioner has contemporaneously filed *ex parte* and under seal "PETITIONER ANTHONY SHORE'S APPLICATION FOR AUTHORIZATION OF FUNDS PURSUANT TO 18 U.S.C. § 3599 TO OBTAIN THE REASONABLY NECESSARY SERVICES OF MITIGATION INVESTIGATOR."

*Stephens* court has recently articulated a more demanding *ex parte* standard, requiring that a statement of need for confidentiality include "the type of services needed, the issue or topic for which the services are necessary, an estimate of the total amount of fees and expenses and requested . . . [and a showing of] a specific need for confidentiality in the undisclosed matters presented to the court *ex parte* . . . ." 2013 WL 2658441 at *4. To the extent that this Court is inclined to follow the *Robertson v. Stephens* standard, Petitioner specifically notes that investigative services in the total amount of $15,000 are being requested so that Petitioner may pursue a claim of ineffective assistance of his trial counsel, and confidentiality with respect to the undisclosed matters presented to the Court *ex parte* is necessary because Petitioner expects his investigation to uncover mitigation evidence which has not previously been sought or introduced and which is confidential and subject to attorney-client and work product privilege. Additionally, Petitioner believes the investigative services he seeks may also uncover evidence to support claims of ineffective assistance against his counsel in proceedings after his conviction. Such evidence has not previously been sought or introduced and will be confidential and subject to attorney-client and work product privilege.

At his state habeas proceeding, Mr. Shore raised an ineffective assistance of counsel claim, among others, and alleged that trial counsel were ineffective for failing to adequately investigate, develop, and present mitigating evidence. Undersigned counsel have the ethical and professional duty to pursue any and all possible claims, investigating and reviewing the case anew, with special attention paid to those claims that were raised in prior proceedings. *See* Guidelines for the Appt. and Performance of Def. Counsel in Death Penalty Cases 10.7(A)(2003) ("Counsel at every stage have an obligation to conduct thorough and independent investigations relating to the issues of both guilt and penalty."). To that end, Mr. Shore requests leave to file an

*ex parte* application requesting approval of services reasonably necessary to fully and fairly develop this potential claim.

In order for counsel to comply with their professional responsibilities, including the need to protect confidential attorney work product and attorney–client communications, counsel's request must be made *ex parte* and under seal.  *See* Guidelines for the Appt. and Performance of Def. Counsel in Death Penalty Cases 10.4 (2003) cmt. background ("Because the defense should not be required to disclose privileged communications or strategy to the prosecution in order to secure these resources, it is counsel's obligation to insist upon making such requests ex parte and in camera."); Supplemental Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases 4.1(A) (2008) ("Applications to the court for the funding of mitigation services should be conducted ex parte, in camera, and under seal."); Guidelines for Standards for Texas Capital Counsel 12.2(b)(6)(a) (State Bar of Tex. 2006) ("Because counsel should not have to disclose privileged communications or strategy to the prosecution in order to secure these resources, counsel must insist upon making such requests ex parte and in camera."); Tex. Disciplinary R. Prof'l Conduct 1.05 (generally describing the need for confidentiality); *see also United States v. Abreu*, 202 F.3d 386, 391 (1st Cir. 2000) ("Defendants who are able to fund their own defenses need not reveal to the government the grounds for seeking [an expert] . . . To require indigent defendants to do so would penalize them for their poverty.").

## CONCLUSION

For the foregoing reasons, Mr. Shore's request for leave to file an *ex parte* application for reasonably necessary services should be granted.

#4442819.1

DATED: December 27, 2013.

Respectfully submitted,

/s/ Marcy E. Kurtz

Marcy E. Kurtz
Federal I.D. No. 5381
State Bar No. 11768600
marcy.kurtz@bgllp.com
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: 713.221.1206
Facsimile: 713.221.2125
K. Knox "Lighthorse" Nunnally
Federal ID No. 1419997
State Bar No. 24063995
knox.nunnally@bgllp.com
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: 713.221.1454
Facsimile: 713.222.3000

**Attorneys for Petitioner Anthony Shore**

#4442819.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th of December, 2013, I electronically filed the foregoing pleading with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.  A copy of this foregoing pleading was sent to Woodson Erich Dryden, attorney of record for Respondent William Stephens, at his email address: erich.dryden@oag.state.tx.us.


*/s/ Marcy E. Kurtz*
Marcy E. Kurtz


## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I have conferred with opposing counsel, Woodson Erich Dryden, in a good faith attempt to resolve the matter without court intervention, and the motion to proceed *ex parte* is opposed.  Respondent opposes both the motion's being *ex parte* and the court's granting money for a mitigation specialist.


*/s/ Marcy E. Kurtz*
Marcy E. Kurtz

#4442819.1